#### UNITED STATES DISTRICT COURT
#### EASTERN DISTRICT OF MISSOURI
#### SOUTHEASTERN DIVISION

| | |
|---|---|
| TINA COX, | ) |
| | ) |
|     Plaintiff(s), | ) |
| | ) |
| vs. | )    Case No. 1:20-CV-20 SRW |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
|     Defendant(s). | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on review of an adverse ruling by the Social Security Administration. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff filed a Brief in support of the Complaint. ECF No. 13. Defendant filed a Brief in Support of the Answer. ECF No. 14. The Court has reviewed the parties' briefs and the entire administrative record, including the transcripts and medical evidence. Based on the following, the Court will affirm the Commissioner's decision.

**I.**  **Factual and Procedural Background**

On January 27 and February 8, 2017, Plaintiff Tina Cox protectively filed applications for disability benefits and supplemental security income under Title II, 42 U.S.C. §§ 401, *et seq*. and Title XVI, 42 U.S.C. §§ 1381, *et seq.* Tr. 174-184. Plaintiff's application was denied on initial consideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 106, 113-117.

Plaintiff and counsel appeared for an initial hearing on October 24, 2018. Tr. 28-59. Plaintiff testified concerning her disability, daily activities, functional limitations, and past work. *Id*. The ALJ also received testimony from vocational expert ("VE") Stella Frank. *Id*. On February 14, 2019, the ALJ issued an unfavorable decision finding Plaintiff not disabled. Tr. 8-22. Plaintiff filed a request for review of the ALJ's decision with the Appeals Council, which the Appeals Council denied on December 2, 2019. Tr. 1-3. Accordingly, the ALJ's decision stands as the Commissioner's final decision.

With regard to Plaintiff's testimony, medical records, and work history, the Court accepts the facts as presented in the parties' respective statements of facts and responses. The Court will discuss specific facts relevant to the parties' arguments as needed in the discussion below.

## II.    Legal Standard

A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" § 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability.  20 C.F.R. § 416.920(a)(1).  First, the Commissioner considers the

claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether "the claimant has a severe impairment [that] significantly limits [the] claimant's physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *see also* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); *see also* 20 C.F.R. § 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016).

Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant is responsible for *providing* evidence relating to his RFC and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3) (emphasis added). If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner. *See Brock v. Astrue*, 574 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932.

If substantial evidence on the record as a whole supports the Commissioner's decision, the Court must affirm the decision. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* Under this test, the court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908

(8th Cir. 2016). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id.* The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 370 (8th Cir. 2016).

## III.   The ALJ's Decision

Applying the foregoing five-step analysis, the ALJ found Plaintiff has not engaged in substantial gainful activity since the alleged onset date of November 19, 2016; Plaintiff has the severe impairments of rheumatoid arthritis, fibromyalgia, obesity, and depression; and Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. Tr. 14. The ALJ found Plaintiff had the following RFC:

> [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can never climb ladders, ropes, or scaffolds; she can occasionally climb stairs and ramps; she can occasionally balance, stoop, and crouch, but never crawl; and she can frequently handle and occasionally finger with the upper extremities. The claimant must change positions every hour for a few minutes at a time while remaining on task and remaining at the workstation. She is limited to work involving simple, routine tasks and simple work-related decisions.

Tr. 17. At Step Four, the ALJ found that Plaintiff was unable to perform her past relevant work. Tr. 20. The ALJ further found clamant was born on August 9, 1983 and was 33 years old on the amended alleged disability onset date, which is defined as a younger individual age 18-44. *Id.* Plaintiff has at least a high school education and is able to communicate in English. Tr. 21. The ALJ determined that the transferability of job skills was not material to the determination of disability because, using the Medical-Vocational Rules as a framework, it supported a finding

5

that the claimant was "not disabled," whether or not the claimant has transferable job skills. *Id*. At Step Five, relying on the testimony of the VE and considering Plaintiff's age, education, work experience and RFC, the ALJ found that there were jobs existing in significant numbers in the national economy that the Plaintiff could perform, including representative occupations such as Weight Tester and Dowel Inspector. Tr. 21. The ALJ concluded that Plaintiff was not under a disability from November 19, 2016, and the date of his decision, February 14, 2019. Tr. 22.

**IV.    Discussion**

Plaintiff challenges the ALJ's RFC determination that she had the capacity to perform a range of unskilled sedentary work with frequent handling and occasional fingering. She argues the ALJ erred in only giving partial weight to Plaintiff's treating physician, Dr. Chad Ronholm's opinion, that Plaintiff could rarely reach, only occasionally handle and finger, and would miss three days each month because of her impairments.

A treating physician's opinion is given controlling weight if it is well-supported and not inconsistent with other substantial evidence in the record. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). However, the opinion of a treating physician does not eliminate the need to evaluate the record as a whole. *Id*. When deciding what weight to give a treating physician's opinion, the ALJ considers the following factors: length and frequency of the treatment relationship; nature and extent of the treatment relationship; evidence provided in support of the opinion; consistency of the opinion with the record as a whole; and the source's level of specialization. *See* 20 C.F.R. §§ 404.1527(c); 416.927(c). An ALJ must give good reasons for discounting a treating physician's opinion. *Dolph v. Barnhart*, 308 F.3d 876, 878 (8th Cir. 2002).

In his decision, the ALJ gave partial weight to the opinion of Dr. Ronholm. Tr. 19. He gave the portion of Dr. Ronholm's opinion limiting Plaintiff to sedentary work significant weight because the record, as a whole, supported the opinion. *Id*. He gave little weight to Dr. Ronholm's manipulative limitations, finding the record, as a whole, did not support the limitations. *Id*. The ALJ determined Plaintiff engages in a wide variety of daily physical activity that requires reaching and significant use of the hands and that the "record fails to contain consistent negative objective findings in the upper extremities that would warrant the limitations." *Id*. at 19-20. He concluded that the intermittent nature of Plaintiff's complaints, her conservative treatment, response to medication, and wide range of daily activity demonstrate that she is not as limited as Dr. Ronholm opines. *Id*. at 20.

The record supports the ALJ's findings and his decision to give little weight to Dr. Ronholm's opinion about Plaintiff's manipulative limitations. Dr. Ronholm filled out a Medical Source Statement for Plaintiff in July 2015. Tr. 380-82. On the form, he wrote that Plaintiff has constant, generalized pain but no small joint complaints. *Id*. He also wrote her strength was intact throughout. *Id*. He checked that she can rarely reach, occasionally handle, finger, and feel, and that she has good days and bad days, and may miss three days per month because of her condition. *Id*.

Dr. Ronholm began seeing Plaintiff in April 2014, and he saw her three times before providing his opinion. Tr. 371, 364, 367, 369. His notes from each of these visits do not support his opinion that she can rarely reach, occasionally handle, finger and feel, and would miss three days per month. At her first visit in April 2014, Dr. Ronholm noted that Plaintiff's hands and wrists were doing well with no significant pain complaints and no joint swelling, erythema, or warmth. Tr. 371. She had full range of motion for all extremities, and her strength was "5/5 in all

7

extremities and equal distribution." Tr. 372. Dr. Ronholm's notes from Plaintiff's August 2014, December 2014, and April 2015, contain similar statements. Tr. 364, 367, 369. In her visits throughout 2016, Plaintiff made small joint complaints of her hands and wrists but otherwise had no swelling, erythema, or warmth. Tr. 316-18, 320. Nothing in his treatment notes indicates Plaintiff's handling and fingering is limited in any significant manner.

The Court also notes that Dr. Ronholm never saw Plaintiff after her alleged onset date of November 19, 2016. His opinion is dated 16 months before her alleged onset date. His opinion and treatment records were considered by the Commissioner in Plaintiff's first application for disability benefits, which was denied just prior to her filing the application currently pending. Tr. 69-70.

Plaintiff's treatment records from 2017 and 2018 support the ALJ's RFC finding. In February 2017, Dr. Jonathan Miner saw Plaintiff and noted that she was doing well on her medications. She denied any joint swelling, erythema, or warmth. Tr. 434. In August 2017, Dr. Miner noted Plaintiff had "flares involving her thumbs," but was otherwise doing reasonably well on her medication. Tr. 432. In March 2018, Plaintiff again stated her thumbs were hurting. In June 2018, Plaintiff reported to Dr. Miner she was experiencing tingling in her hands and wrists which radiated down to her elbows. Tr. 430, 545. He modified her medications and recommended a carpal tunnel brace. Tr. 546. In September 2018, Dr. Miner's notes indicate she had intermittent joint pain and numbness but that her symptoms were "actually quite improved now." Tr. 543. He stated she was doing much better on her current medications, although she still has intermittent numbness and pain. Tr. 544.

Plaintiff testified to more significant complaints and limitations. Tr. 44-54, 68, 252-59. She testified to pain in her hands up into her elbows but has good days and bad days. Tr. 44. She

8

said she could not hold a clipboard to fill out paperwork because it hurt her fingers and hands. *Id*. She can do dishes for about five minutes before her hands start hurting; it is hard for her to grip the dishes. Tr. 53-54. She tries to clean, watch television, pay bills, and do crafts, but often cannot. Tr. 51, 53. She has difficulty writing and has to use a speakerphone while on the phone because holding the phone to her ear causes pain in her fingers and elbows. Tr. 68.

The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 17. The ALJ may not discount Plaintiff's allegations of pain solely because the objective medical evidence does not support them, but he may find her allegations are not credible if there are inconsistencies in the evidence as a whole. *Buckner v. Astrue*, 646 F.3d 549, 558 (8th Cir. 2011). The Court defers to the ALJ's credibility finding if the ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so. *Id*. When evaluating a claimant's credibility, the ALJ considers the claimant's daily activities, location, duration, frequency, and intensity of the claimant's pain, precipitating and aggravating factors, the type, dosage, effectiveness, and side effects of any medication taken, treatment and other medication received for relief of the pain, any measures used to relieve the pain, and any other functional restrictions. *Id*.; *see also* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

In discrediting parts of the Plaintiff's testimony, the ALJ took into consideration inconsistencies in the record as a whole. As shown above, nothing in Plaintiff's treatment notes indicates the severity of her symptoms described in her testimony. Those same notes indicate her symptoms are managed well with medication. Furthermore, in her Function Report, which she filled out in February 2017, Plaintiff stated she takes care of her son and her pets which includes feeding them, cleaning up after them, and cleaning the floor. Tr. 253. She had no problems with

9

her personal care. Tr. 254. She runs errands, goes shopping, reads, watches television, and plays games online. Tr. 255-56. She can play video games and use the computer for up to an hour at a time. Tr. 261. Considering all of Plaintiff's testimony, from the hearing and her Function Report, as well as her medical records, the ALJ's credibility determination is well-supported.

As the ALJ stated, the limitations "fully account for the claimant's alleged symptoms, but recognize the intermittent nature of the claimant's complaints, her conservative treatment and good response to medication, reduced symptoms with treatment, and the claimant's wide range of daily activities despite symptoms." Tr. 19. The ALJ properly evaluated the entire record. The Court finds substantial evidence supports the ALJ's findings that Plaintiff is limited to frequent handling and occasional fingering with the upper extremities and that Dr. Ronholm's opinion is entitled to limited weight.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff Tina Cox's Complaint is **DISMISSED, with prejudice**. A separate judgment will accompany this Memorandum and Order.

So Ordered this 2nd day of December, 2020.

*/s/ Stephen R. Welby*
**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**